UNITED STATES COURT OF APPEALS

**Filed 5/14/96**

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

825-827 RIVERSIDE DRIVE, FT.
COLLINS, COLORADO,

        Defendant,

No. 95-1434
(D.C. No. 93-1308-M)
(D. Colo.)

ROY E. SCHWASINGER,

        Claimant-Appellant.

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

825-827 RIVERSIDE DRIVE, FT.
COLLINS, COLORADO,

        Defendant,

No. 95-1436
(D.C. No. 93-1308-M)
(D. Colo.)

LEANNA LOIS HOYT
SCHWASINGER,

        Claimant-Appellant.

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.

Claimants Roy and Leanna Lois Hoyt Schwasinger appeal from an order dismissing their Fed. R. Crim. P. 41(e) motion for return of property seized pursuant to a federal search warrant at 825-827 Riverside Drive, Fort Collins, Colorado. We affirm.

The search warrant was executed on June 3, 1993. Some of the seized items were used in a criminal prosecution of claimants in Texas federal court. Claimants were convicted of the charges. An appeal of their convictions is pending.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Claimants moved the district court for return of the seized property. A magistrate judge concluded, in relevant part, that because criminal proceedings against claimants remained pending in Texas, their request for return of property was more appropriately addressed in the district where the trial was held. He recommended that the Colorado district court refrain from exercising jurisdiction. The district court adopted this aspect of the magistrate judge's recommendation, and declined to exercise jurisdiction over claimants' motions. We review this determination for abuse of discretion. See Floyd v. United States, 860 F.2d 999, 1007 (10th Cir. 1988).

Whether to grant jurisdiction over a Rule 41(e) motion is governed by equitable principles, and jurisdiction need not be granted if the claimant has an adequate remedy at law. Blinder, Robinson & Co. v. United States (In re 6455 S. Yosemite), 897 F.2d 1549, 1556 (10th Cir. 1990). "Once a movant has been indicted, an adequate legal remedy is available in the district court with jurisdiction over the indictment and equitable jurisdiction is no longer necessary or proper." Id. at 1556 n.6.

Although claimants have already been convicted, the seized property is in the possession of the Texas district court and may become necessary if a new trial is ordered. Consequently, we conclude the district court acted well within its discretion in concluding that claimants' Rule 41(e) motion is more appropriately addressed in the district where the trial was held. In light of our disposition, we do not address their arguments.

3

Claimants' motion to comply with Fed. R. App. P. 16(b) seeks to add to the record documents that are irrelevant to the issues in this appeal. Their motion to remand seeks to enforce compliance with other portions of the district court's order. As we are issuing our mandate at this time, the district court has jurisdiction to hear any motions concerning enforcement of its order. See United States v. Thorp, 655 F.2d 997, 999 (9th Cir. 1981).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The motions to comply with Rule 16(b) and to remand are DENIED. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge